SAMUEL, Judge.
This matter is before us for the second time on a motion to dismiss a suspensive appeal. It was previously remanded for more information (La.App., 123 So.2d 648).
The case, a suit to cancel and annul a lease, was heard, submitted and taken under *865 advisement by the trial court. A judgment was read, rendered and signed on July 13, 1960. The petition for appeal was filed, and the order granting the suspensive appeal was signed, on August 9, 1960. Ap-pellee has moved to dismiss the appeal on the ground that the same was not timely taken.
The judgment debtor is barred from appealing under Code of Practice Art. 567 where he has suffered the time prescribed by law for appealing to elapse. Under Art. 575 of the Code of Practice a suspensive appeal must be taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, and whenever judgment has been rendered in a suit after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge.
In the instant case an answer was filed and the matter heard contradictorily on the merits. There was no application for a new trial or rehearing. Thus the ten-day delay began to run upon the signing of the judgment unless notice thereof was required by law to be given.
The rules of the 24th Judicial District Court provided that its regular term ended on June 30, 1960, and that the court was on vacation for the following two months. However, the regular term was extended through July 13, 1960, by an en banc order of the court adopted and spread on the court minutes on June 30, 1960. Under this order the judgment was signed on the last day of the extended term and although the trial judge had directed that proper notice of the judgment be given to the litigants, no notice thereof was given until August 2, 1960.
The information received as a result of remanding does not reveal any publication of the order changing the court rules and extending the regular term of court and, insofar as this case is concerned, we musi accept as a fact that there was no publication of any kind.
LSA-R.S. 13:472 provides:
“Each district court may adopt rules for the conduct of business before it. These rules shall be entered in the minutes of the court and published in the manner which the court deems most effective and practicable.”
This statute clearly requires some publication of the court rules and in the absence of any publication we must hold as ineffective the adoption of such rules and any amendment thereto. Therefore, the order extending the regular term was without effect and the judgment involved here was actually signed on the thirteenth day after the court went into its vacation period.
In these circumstances we are governed by Act 94 of 1898, § 2 (Code of Practice Art. 542.2 and LSA-R.S. 13:4208). Under this act, where the district judge has taken a case under advisement and there is a vacation of the court, he is required to render his decree despite the vacation period and forward the same to the Clerk of Court who shall enter the same upon the minutes of the court, the decree then having the same effect as if rendered in open court. However, the act further provides that, in the absence of a waiver thereof, it shall be the duty of the clerk to issue notice of the fact to all the parties to the suit, or to their attorneys of record, and it shall be the duty of the sheriff to serve said notices, the time granted parties to take appeals to begin to run from the time of such service of notice.
In the instant case the first notice was given on August 2, 1960, and the delays for taking a suspensive appeal could not begin to run prior to that time. The appeal was taken on August 9, 1960, less than ten days thereafter, and said appeal therefore has been timely taken.
The motion to dismiss is denied.
Motion denied.